## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| IVAN KIMBROUGH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-1517-RWS |
| v. | : | |
| | : | |
| U.S. GOVERNMENT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Plaintiff's Motion for

Reconsideration [6].  After reviewing the entire record, the Court enters the

following Order.

### Background

Plaintiff, proceeding *pro se*, brought this action on June 13, 2007, under

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleging that

he suffered injuries as a result of negligent medical treatment provided to him at

the Veterans Administration Medical Center between August 2002 and August

2003.[1]  Plaintiff requests compensation in the amount of $2,000,000.

(See Compl. [2] at 2.)

By Order dated June 27, 2007 [3], Plaintiff was granted leave to proceed

*in forma pauperis*.  After conducting a frivolity review pursuant to 28 U.S.C. §

1915(e)(2), this Court dismissed the instant action as frivolous, finding that it

lacked subject-matter jurisdiction because Petitioner failed to allege that he

previously filed a claim with an appropriate federal agency and was denied

favorable review.  (See Order of Jun. 29, 2007 [4] at 3.)  See also 28 U.S.C. §

2675(a) (requiring that plaintiff must exhaust agency review before bringing an

action under FTCA); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir.

---

[1] Plaintiff's Complaint alleges:

> By reason of the wrongful, negligent and careless acts of the defendants in failing to properly diagnose and treat the plaintiff's diabetic foot ulcer, the plaintiff was rendered sick, sore and disabled and was caused great pain, inconvenience, mental and physical agony, suffered and still suffers and will continue to suffer great physical pain, inconvenience, mental and physical agony, and has suffered and sustained serious and permanent injuries.  Treatment by Podiatry Medical Staff was at Veterans Administration Medical Center. . . . This medical inaction resulted in amputation of right leg, below knee on Aug 24, 2003 at Crawford Long Hospital.

(Compl. [2] at 2.)

2

1994) (holding that FTCA requires a plaintiff to allege a sum certain in damages no greater than that requested before the administrative agency).

Plaintiff now moves for reconsideration of that Order, asserting that he presented the underlying claim in this action to the Atlanta Regional Office of the Department of Veterans Affairs on August 2, 2005.  As a part of that claim, Plaintiff sought compensation in the amount of $2,000,000.  After that claim was denied, Plaintiff asserts that he moved for reconsideration of the administrative determination on September 26, 2006, which was denied by a written letter dated December 18, 2006.  Plaintiff has attached documents reflecting these events, including the final exhaustion of his administrative tort claim on December 18, 2006.  (See Ex. 1-3 of Pl.'s Mot. for Recons. [6].)  In light of these facts, and for the reasons that follow, the Court agrees to reconsider its Order of June 29, 2007.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in

controlling law; or (3) a need to correct a clear error of law or fact." <u>Bryan v.</u>

<u>Murphy</u>, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Plaintiff failed to allege in his Complaint that he exhausted administrative

review prior to filing this action.  While it is clear that a plaintiff must *prove*

administrative exhaustion to succeed on a claim under the FTCA, <u>see</u> 28 U.S.C.

§ 2675(a), it is not clear within the Eleventh Circuit whether that requirement

requires a plaintiff to *plead* exhaustion in his complaint.  <u>But</u> cf. <u>Joelson v.</u>

<u>United States</u>, 86 F.3d 1413, 1422 (6th Cir. 1996) (holding that FTCA must be

dismissed where plaintiff failed to plead exhaustion); <u>In re Agent Orange Prod.</u>

<u>Liab. Litig.</u>, 818 F.2d 210, 214 (2d Cir. 1987) (holding that plaintiff must plead

compliance with procedural prerequisites of FTCA claim).  Nevertheless, it has

been established within the Eleventh Circuit that, "rather than outright dismissal

of a *pro se* [FTCA] complaint for failure to allege such exhaustion, the district

court should afford the plaintiffs an opportunity to allege or show that they have

properly exhausted their administrative remedies, or that they should be

excused from this requirement, before their complaint is dismissed on

failure-to-exhaust grounds." <u>Miller v. Stanmore</u>, 636 F.2d 986, 991 (5th Cir.

Feb. 9, 1981);[2] see also Cooper v. United States Penitentiary, 433 F.2d 596, 597 (10th Cir. 1970) (per curiam) (district court erred in dismissing *pro se* FTCA complaint for failure to allege exhaustion of administrative remedies by not allowing plaintiff an opportunity to amend).  Moreover, the Supreme Court has recently held that the prior practice of some courts in requiring plaintiffs to plead exhaustion in their complaint, absent a specific statutory mandate to do so, is inconsistent with the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  See Jones v. Bock, __ U.S. __, 127 S. Ct. 910, 918-22, 166 L. Ed. 2d 798 (Jan. 22, 2007) (stating that, in general, failure to exhaust is an affirmative defense, and "there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defense to a pleading requirement by the curiously indirect route of specifying that courts should screen [*in forma pauperis*] complaints and dismiss those that fail to state a claim").

At a minimum then, the Court must allow Plaintiff an opportunity to amend his Complaint to reflect his compliance with the procedural prerequisites

---

[2] Decisions of the former Fifth Circuit announced prior to October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of the FTCA.  <u>Miller</u>, 636 F.2d at 991.  In view of this authority, the Court

agrees to reconsider its Order of June 29, 2007.  Plaintiff has made a colorable

assertion in advance of his burden to establish that he complied with the

administrative exhaustion requirement of 28 U.S.C. § 2675(a).  He has also

brought his claim within six months of the mailing of the final notice of denial

dated December 18, 2006.  <u>See</u> 28 U.S.C. § 2401(b).   Further, Plaintiff's claim

requests the same amount of compensation as he requested before the

administrative agency, in compliance with 28 U.S.C. § 2675(b).  In view of this

evidence, it appears Plaintiff has complied with the procedural mandates of the

FTCA prior to bringing his claim.  Accordingly, Plaintiff's Motion for

Reconsideration is **GRANTED** and the Court **VACATES** its Order of June 29,

2007.  Should he desire to do so, the Court also **GRANTS** Plaintiff leave to

amend his Complaint to reflect the facts underlying his compliance.[3]

Finally, having reviewed the substantive allegations set forth in

Plaintiff's Complaint, the Court cannot find that the instant action is entirely

frivolous or malicious. Liberally construed, Plaintiff's Complaint alleges that

---

[3] In view of the conflicting authority on the subject of whether such allegations
must be pled in Plaintiff's Complaint, the Court recommends that Plaintiff avail himself
of the opportunity to amend.

6

Defendant failed to exercise reasonable care in treating his diabetic foot ulcer, resulting in the amputation of his right leg below his knee.  Accordingly, after conducting a frivolity review pursuant to 28 U.S.C. § 1915(a), the Court **FINDS** that this action is non-frivolous and should be allowed to proceed as any other civil action.

The Clerk is hereby **DIRECTED** to send plaintiff two (2) USM 285 forms, two (2) blank summonses, and an initial disclosure form.  Plaintiff is **DIRECTED** to complete the USM 285 forms, summonses, and the initial disclosures form, and to return them within twenty (20) days from the entry date of this Order to the Clerk of Court.  Plaintiff must complete one USM 285 form and one summons for each of the following: (1) the United States Attorney for the Northern District of Georgia and (2) the United States Attorney General.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service two service packages for (1) the U.S. Attorney and (2) the Attorney general.[1]  Each service package must include the appropriate USM

7

AO 72A
(Rev.8/82)

285 form and summons, and a copy of the complaint.  Upon receipt of the service packages, the U.S. Marshal's Service is **DIRECTED** to serve the defendant in accordance with the requirements of Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure.[2]  The completed USM 285 forms shall be filed with the Clerk of the Court.

Plaintiff is **DIRECTED** to serve upon defendants or their counsel a copy of every additional pleading or other document that he or she files with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to defendants or their counsel.  This court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED to KEEP** the court and defendant advised of his current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [6] is **GRANTED**.  The Court **VACATES** its Order of June 29, 2007.  Should Plaintiff

AO 72A
(Rev.8/82)

desire to do so, the Court **GRANTS** Plaintiff leave to amend his Complaint to reflect the facts underlying his compliance with the Federal Tort Claims Act. Finally, pursuant to 28 U.S.C. 1915(a), the Court **FINDS** that this action is non-frivolous and should be allowed to proceed as any other civil action.  The Clerk is **DIRECTED** to send service forms to Plaintiff as directed above.

      **SO ORDERED** this  __17th__  day of September, 2007.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)